UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN

BENJAMIN HALL,
    Plaintiff,

-vs.-                            **DEMAND FOR JURY TRIAL**

LEADING EDGE RECOVERY SOLUTIONS, LLC,
    Defendant.
_____

# COMPLAINT & JURY DEMAND

Plaintiff, Benjamin Hall, through counsel, Nitzkin and Associates, by Gary Nitzkin states the following claims for relief:

# JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

2. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

# PARTIES

3. The Defendant to this lawsuit is Leading Edge Recovery Solutions, LLC, which is a foreign company that maintains registered offices in Oakland County.

## VENUE

4. The transactions and occurrences which give rise to this action occurred in Cuyahoga County.

5. Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect on a consumer type debt allegedly owed by Plaintiff's wife, Debra Anderson.

7. Defendant first started calling Plaintiff in either July or August 2011 and Plaintiff has been asked Defendant to stop calling since this time, on numerous occasions.

8. Defendant has called Plaintiff from 888-306-0514.

9. On or about November 25, 2011, at 1:53 p.m. Defendant, through a female representative, called Plaintiff's home and asked to speak with Plaintiff's wife, Debra Anderson. Plaintiff asked Defendant what the call was regarding. Defendant replied, "That's against the law for me to tell you that. All I want you to do is put your wife on the phone."

10. During this same conversation, Defendant then said to Plaintiff, "What are you getting angry about? Did you have a bad Thanksgiving? Your wife didn't give you none yesterday?" At this time, Plaintiff asked Defendant to stop calling, again.

11. Defendant said to Plaintiff, "We are going to keep calling until you put your wife on the phone."

12. During this same conversation, Plaintiff asked Defendant who they were and Defendant refused to tell this to Plaintiff. Defendant told Plaintiff again that it is against the law for them to tell him their company name.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

13. Plaintiff reincorporates the preceding allegations by reference.

14. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

15. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

16. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

17. Defendant's foregoing acts in attempting to collect this alleged debt violated 15 U.S.C. §1692 et. seq;

18. The Plaintiff has suffered damages as a result of these violations of the FDCPA.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

19. Plaintiff incorporates the preceding allegations by reference.

20. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

21. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

3

22. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §339.915

23. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

24. These violations of the Michigan Occupational Code were willful.

## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

25. Plaintiff incorporates the preceding allegations by reference.

26. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

27. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

28. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §445.252

29. Plaintiff has suffered damages as a result of these violations of the MCPA.

30. These violations of the MCPA were willful.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

# DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the defendant:

a. Actual damages.

b. Statutory damages.

c. Treble damages.

d. Statutory costs and attorney fees.

Respectfully submitted,

December 9, 2011

/s/ Gary Nitzkin
GARY D. NITZKIN  P41155
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email –gnitzkin@creditor-law.com